FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**July 10, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MARK EDWARD BROWN,

    Plaintiff - Appellant,

v.

UNIFIED SCHOOL DISTRICT NO. 501,

    Defendant - Appellee.

No. 23-3253
(D.C. No. 2:22-CV-02519-HLT)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, Chief Judge, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Mark Edward Brown appeals pro se the district court's entry of summary judgment in favor of Unified School District No. 501 ("USD 501") on his claims under Title VII and 42 U.S.C. § 1981.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

### A.  *Factual History*

The district court stated that Mr. Brown did not dispute the following facts and that it recited them in the light most favorable to him.

Beginning in 1982, USD 501 employed Mr. Brown as a physical education teacher.  He resigned in 1996.  In 1991, while still employed, Mr. Brown, who is Black, unsuccessfully sued USD 501 for race discrimination and retaliation.

Mr. Brown later applied to USD 501 for re-employment.  USD 501 informed him by letter in 2001 that he would not be considered for rehire.  Mr. Brown disputes that the 2001 no-rehire decision was warranted or based on accurate information.  In 2004, 2010, and 2017, he unsuccessfully sued USD 501, alleging race discrimination and retaliation when it declined to rehire him.

On July 20, 2021, Mr. Brown applied for a substitute teaching position with USD 501.  Nancy McCarter, the Substitute Services Coordinator, interviewed him by telephone on July 28.  He did not inform Ms. McCarter of USD 501's decision not to rehire him.  According to Mr. Brown, Ms. McCarter offered him a substitute position during the telephone interview and he accepted.

After the interview, Ms. McCarter checked USD 501's human resources records and learned that he had previously worked for USD 501 and was not eligible for rehire.  She spoke with her supervisor, Debbie Ramburg, about Mr. Brown's application.  Ms. Ramberg confirmed that Mr. Brown was not eligible for rehire, and she decided not to reconsider USD 501's 2001 no-rehire decision.  She was not aware

that Mr. Brown had previously sued USD 501. After Ms. Ramburg told Ms. McCarter that she was unsure whether USD 501 was hiring substitute teachers at that time, Ms. McCarter called Mr. Brown and told him that USD 501 was not hiring. She did not tell Mr. Brown that he was on USD 501's no-rehire list.

In August 2021, Mr. Brown filed a discrimination charge based on retaliation with the Kansas Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue letter to Mr. Brown dated October 26, 2021. *See* R. at 320.

On January 18, 2022, Mr. Brown emailed Ms. McCarter stating he was still interested in substitute teaching. Ms. McCarter did not respond. On January 26, a local television news program announced that USD 501 had hired at least 50 new substitute teachers for the remainder of the 2021-22 school year.

Mr. Brown filed a new discrimination charge with the EEOC on July 31, 2022. He alleged retaliation by USD 501, citing incident dates of January 18 and 26, 2022. The EEOC issued another right-to-sue letter on September 14, 2022.

B. *Procedural History*

On December 15, 2022, Mr. Brown filed his fourth failure-to-rehire lawsuit against USD 501, asserting retaliation claims under Title VII and § 1981. He claimed retaliation for his previous lawsuits against USD 501 based on (1) his July 2021 application to be a substitute teacher, and (2) his January 2022 email to Ms. McCarter indicating he remained interested in being a substitute teacher.

3

The district court granted USD 501's motion for summary judgment. It first held that Mr. Brown's Title VII retaliation claim about his July 2021 substitute-teacher application was untimely because he did not file suit against USD 501 within 90 days of the EEOC's right-to-sue letter dated October 26, 2021. *See Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1186 (10th Cir. 2006); 42 U.S.C. § 2000e-5(f)(1) (setting 90-day deadline to file suit after right-to-sue letter). The court further held that Mr. Brown could not revive his untimely claim by including it in his later EEOC charge filed in July 2022. *See Brown*, 465 F.3d at 1186.

Regarding Mr. Brown's Title VII claim related to his January 2022 email to Ms. McCarter, the district court held he failed to demonstrate a prima facie case of retaliation. *See Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1216-17 (10th Cir. 2013) (describing plaintiff's burdens in demonstrating Title VII claim under the burden-shifting framework); *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir. 2011) (listing three elements of prima facie retaliation claim).

The court concluded Mr. Brown satisfied the first element of his prima facie case—engagement in protected opposition to discrimination—based on his multiple discrimination lawsuits against USD 501. But he failed to demonstrate the second element—a materially adverse action—based on USD 501's failure to respond to his email. The court noted Mr. Brown had not reapplied for a job with USD 501 in January 2022, and he "presented no evidence or caselaw to support the unlikely premise that a reasonable applicant would have found an unanswered email to be materially adverse." R. at 730; *see Burlington N. & Santa Fe Ry. Co. v. White*,

548 U.S. 53, 68 (2006) (holding a materially adverse action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination" (quotations omitted)).

The court also held that Mr. Brown did not satisfy the third element on causation due to insufficient temporal proximity between his earlier lawsuits—he filed the most recent one in 2017—and the unanswered email in January 2022. *See Hennagir v. Utah Dep't of Corr.*, 587 F.3d 1255, 1266 (10th Cir. 2009) (rejecting claim of causation based solely on temporal proximity alone when "months separated the alleged protected activity and adverse action" (quotations omitted)). The court also noted the lack of evidence that Ms. McCarter was aware of Mr. Brown's previous lawsuits. *See Singh v. Cordle*, 936 F.3d 1022, 1043-44 (10th Cir. 2019) (holding that even with temporal proximity, plaintiff must present evidence that decisionmakers knew of protected conduct).[1]

On Mr. Brown's § 1981 claim, USD 501 argued that § 1981 tort claims against state actors must be brought under 42 U.S.C. § 1983, but Mr. Brown had not asserted a § 1983 claim. *See Bolden v. City of Topeka*, 441 F.3d 1129, 1137 (10th Cir. 2006) (holding "damages claims against state actors for § 1981 violations must be brought under § 1983"). Mr. Brown did not respond to this argument and neither sought

---

[1] The district court further held that, even if Mr. Brown had demonstrated a prima facie case of retaliation, he did not come forward with any evidence of pretext. *See Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1307 (10th Cir. 2017) (requiring plaintiff to present evidence showing the employer's proffered reason for its action was unworthy of belief).

leave to amend his complaint nor showed good cause for failing to reference § 1983. The district court agreed with USD 501 and would not sua sponte allow Mr. Brown to amend his complaint at such a late stage in the litigation. It said that amendment would be futile in any event.

## II. **DISCUSSION**

We review de novo the district court's grant of summary judgment in USD 501's favor, viewing the evidence in the light most favorable to Mr. Brown. *See Bekkem v. Wilkie*, 915 F.3d 1258, 1266-67 (10th Cir. 2019). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because Mr. Brown is proceeding pro se, we liberally construe his contentions on appeal. *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

Title VII makes it unlawful for an employer to retaliate against an employee or an applicant for employment because he filed a charge of discrimination or opposed an unlawful employment practice. *See* 42 U.S.C. § 2000e-3(a).

Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981.

Mr. Brown argues the district court did not view the evidence in the light most favorable to him. But he ignores the district court's conclusions that (1) he attempted, but mostly failed, to properly controvert USD 501's submitted facts, (2) many of his facts were not supported by any evidence or were supported only by inadmissible evidence, and (3) some of his facts were not material to the summary judgment issues. *See* R. at 726 n.3.

Mr. Brown asserts that his Title VII claims were timely and supported by the evidence. As to the district court's holding that part of his Title VII claim was untimely, Mr. Brown references an inapplicable two-year state limitations statute, while also acknowledging he did not file suit within 90 days of the first EEOC right-to-sue letter. As to the rest of his Title VII claim, he asserts that his prior lawsuits caused USD 501's actions against him in 2021 and 2022. But he does not address the district court's holding regarding lack of temporal proximity.[2]

Other than arguing his § 1981 claim was not untimely—which was not the district court's basis for granting summary judgment on this claim—Mr. Brown does not address his § 1981 claim in his opening brief. He includes an argument in his

---

[2] Mr. Brown also argues he presented evidence of pretext, including his contention that USD 501 was not forthcoming in telling him it was not hiring substitute teachers in July 2021. But we need not address his pretext arguments because he fails to show error in the district court's holdings regarding untimeliness and failure to demonstrate a prima facie case of retaliation.

To the extent Mr. Brown argues he also asserted a Title VII disparate treatment discrimination claim, he ignores the district court's conclusion that he did not exhaust or assert such a claim in his complaint. *See* R. at 728 n.4

reply brief, but "[t]his court does not ordinarily review issues raised for the first time in a reply brief," *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).  Mr. Brown presents no reason for us to do so here.[3]

In sum, we have reviewed the district court's summary judgment order, the record on appeal, and the parties' briefs, and we find no reversible error.  We affirm for substantially the reasons stated in the district court's order.

### III.  CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[3] Mr. Brown also argues the district court erred by relying on hearsay in the form of a document created by USD 501 in 1989 that included allegations against him that he disputes.  But even if this document were hearsay, which we do not decide, it played no role in the district court's holdings that his Title VII retaliation claim was untimely and he failed to demonstrate a prima facie case, or in its conclusion he could not bring a § 1981 claim against the School District without also asserting a § 1983 claim.